2/25/2021 4:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50933477
By: Adiliani Solis
Filed: 2/25/2021 4:38 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ROYA REZAINIA<br>*Plaintiff,* | § § § | IN THE COURT OF |
| v. | § § | _____ JUDICIAL DISTRICT |
| REDSTONE GROUP INC and<br>KROGER TEXAS LP<br>*Defendants* | § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ROYA REZAINIA to file this original petition against Defendants, REDSTONE GROUP INC. and KROGER TEXAS LP and alleges as follows:

### DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### CLAIM FOR RELIEF

2.      Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

### PARTIES

3.      Plaintiff, ROYA REZAINIA, is a resident of Harris County and is authorized to file suit in this county.

4.      Defendant, REDSTONE GROUP LLC is a domestic limited liability company organized under the laws of the state of Texas. It may be served through its registered agent, Rebecca C. Young at 109 N. Post Oak Lane, Suite 220, Houston, Texas 77024 or wherever it may be found.

****ISSUANCE OF CITATION IS REQUESTED AT THIS TIME****

1

**EXHIBIT A**

5. ~~Defendant, KROGER TEXAS, L.P. is a foreign limited partnership organized~~ under the laws of the state of Ohio and conducting business in Texas.. It may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever it may be found.

****ISSUANCE OF CITATION IS REQUESTED AT THIS TIME****

<u>**VENUE**</u>

6. Venue is mandatory in Harris County, Texas because one or more of the Defendant's principal office is Harris County. See Tex. Civ. Prac. & Rem. Code §15.002(a)(3). This Court has jurisdiction over this suit and over the Defendants because: (a) the incident and/or occurrence giving rise to this action, and the conduct, acts, and/or omission of each Defendant alleged herein, all occurred in the state of Texas; and (b) Defendants were doing business in the State of Texas.

7. Alternatively, Harris County is the most convenient forum because almost all of the witnesses of the accident are located in Harris County.

<u>**MISNOMER**</u>

8. Plaintiff specifically invokes the right to institute this suit against whatever person(s), entity and/or entities which or who were conducting business and/or representing they were conducting business using other names, aliases or common names and Plaintiff expressly invokes his rights under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of the entity, person(s) and/or party substituted at a later time upon the motion of the any party or of the Court and/or in the interest of justice.

**EXHIBIT A**

## FACTS

9. On or about April 15, 2020, Plaintiff was an invitee or in the alternative present for the mutual benefits of Defendants at the Kroger Store located at 9919 Westheimer Road, Houston, Texas 77042 ("Store"). While entering the Store to shop, Plaintiff tripped and fell over a dangerous crack and/or other defect in the concrete walking and working surface at the entry area of the Store.

10. As a result of this hazardous condition, Plaintiff suffered significant and debilitating personal injuries, for which she continues to seek medical treatment and require assistance.

## PREMISES LIABILITY

11. At all times mentioned herein, Defendants, at all times material herein was and is the owner, possessor, manager, maintainer and otherwise in possession of the 9919 Westheimer Road, Houston, Texas 77042, including the concrete walking and working surface at the entry area of the Store and was so on April 15, 2020, before, and during these times Defendants had the requisite right of control, by way of actual, legal and/or retained control, over the Store including the dangerous crack and/or other defect in the concrete walking and working surface at the entry area of the Store that resulted in Plaintiff's injury.

12. Alternatively, Plaintiff's presence at the Store and engagement with the dangerous crack and/or other defect in the concrete walking and working surface at the entry area of the Store was in furtherance of the mutual benefit and business of Defendants.

13. The dangerous crack and/or other defect in the concrete walking and working surface that is located at the entry area of the Store, presents an unreasonable risk of harm, in that it is a dangerous and defective condition, which constituted a hazardous condition of which Defendants were aware and should have been aware. Alternatively, Plaintiff alleges that

**EXHIBIT A**

~~Defendants' control of the concreate walking and working surface amounts to concurrent~~ negligence.

14. Paragraphs 9, 10, 11, 12, and 13 are incorporated herein, Defendants had a duty to use ordinary care to ensure that the Store, including the dangerous crack and/or other defect in the concrete walking and working surface at the entry area of the Store which severely injured Plaintiff, did not present a danger to Plaintiff. This duty included the duty to inspect, and the duty to warn or to cure the dangerous condition or make such safe, which the Defendants failed to do.

15. Defendants failed to use ordinary care by:

   a. Failing to repair the concrete walking and working surface at the entry area of the Store, that was dangerous to Plaintiff;

   b. By allowing the concrete walking and working surface at the entry area of the Store, to fall into disrepair;

   c. By allowing the concrete walking and working surface at the entry area of the Store, to not be properly maintained in adequate condition so that it did not pose an injury threat to Plaintiff;

   d. Defendants failed to inspect the concrete walking and working surface at the entry area of the Store, and/or to ensure that its agents, representative and contractors kept the concrete walking and working surface at the entry area of the Store, safe;

   e. Defendants failed to warn invitees and specifically Plaintiff of the dangerous crack and/or other defect on the concrete walking and working surface at the entry area of the Store, alternatively, any such purported

**EXHIBIT A**

attempt to warn, if any, by Defendants was inadequate as the nature of and reason(s) the danger wasn't conveyed;

f. Defendants negligently maintained the concrete walking and working surface at the entry area of the Store that injured Plaintiff, thereby resulting in Plaintiff being injured;

g. Defendants failed to warn Plaintiff of the condition of the concrete walking and working surface at the entry area of the Store;

h. Defendants did not barricade or put up signs to warn of the dangerous crack and/or other defect on the concrete walking and working surface at the entry area of the Store; alternatively, any such effort by Defendant to remove the danger and/or to "warn" was inadequate;

i. Defendants failed to have and to implement written procedures for operation and interaction with the concrete walking and working surface at the entry of the Store, so as to warn its invitees or to eliminate/remove any risk from such a condition;

j. Alternatively, negligently hired, supervised, and retained its employees and contractors who may have been responsible for maintaining the concrete walking and working surface at the entry of the Store.

16. Defendants' acts, omissions and negligence constituted a failure to act as a reasonably prudent person under the same or similar circumstances and such negligence proximately caused Plaintiff's injuries and damages.

**EXHIBIT A**

## ~~NEGLIGENT UNDERTAKING~~

17. Further, Defendants undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendants should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

18. Defendants failed to exercise reasonable care to perform this undertaking, by not properly maintaining its premises, regularly inspecting its premises and creating and enforcing policies to regularly inspect and maintain the premises, particularly the concrete walking and working surface at the entry of the Store which severely injured Plaintiff, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

19. Further Plaintiff relied upon Defendants' undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

## **VICARIOUS LIABILITY**

20. All Defendants are liable directly, jointly and severally, and/or vicariously as each Defendant supported, assisted, encouraged, participated in and benefited from the possession of, control of, owning of or its respective connection to the Store, and/or the presence of Plaintiff—an invitee- there, and are liable vicariously as a result. Alternatively, each and all Defendants are liable jointly and severally, due to ratification, and/or due to the violation of a non-delegable duty, and/or by ostensible agency/apparent authority, and/or due to the acts, omissions, conduct of their vice principal(s), and/or due to the doctrine or respondent superior.

21. Nothing Plaintiff did or failed to do was a proximate or contributing cause of the horrific accident made the basis of this suit; any reliance of Plaintiff upon Defendants or their agents and employees was justified and reasonable.

**EXHIBIT A**

~~22.     All conditions precedent to Plaintiff's cause of action have been performed or have~~ occurred.

### GROSS NEGLIGENCE

23.     Alternatively, the acts and/or omissions by Defendants outlines in this Petition constitutes gross negligence as that term is define in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes gross negligence which proximately caused the incident and/or occurrence and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

24.     Alternatively, paragraphs 9-23 are incorporated herein for reference. Given the nature and extent that Defendants allowed the concrete walking and working surface at the entry of the Store to become and to remain in an unreasonably dangerous condition vis-à-vis its invitees, in the Store and accessible to invitees, and with knowledge of the foreseeable and likely injury to invitees, workers, employees or guests, Defendants' negligence amounted to recklessness and indifference to the rights and safety of the Plaintiff and the public. Defendants' acts or omissions are therefore not only negligence but grossly negligent as that term is defined in §41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE and by Texas common law. When viewed objectively from the standpoint of Defendants, their conduct involves an extreme degree of risk, considering the probability and magnitude of potential harm to others, including the Plaintiff.  Furthermore, Defendants were actually and subjectively aware of the risk to the other involved given the long period of time they were aware of the dangerous risk posed by the dangerous crack and/or other defect in the concrete walking and working surface at the entry of the Store, but proceeded with conscious indifference for the rights, safety and welfare of others. Defendants conduct is objectively wrong and

**EXHIBIT A**

~~involves a high degree of culpable conduct. Such gross negligence was an actual and a proximate~~ cause of the incident and the resulting injuries and damages suffered by Plaintiff.

## DAMAGES

25. Defendants proximately caused injury to Plaintiffs which resulted in the following damages:

    a. Physical pain and suffering, from April 15, 2020, to the future,

    b. Mental anguish, from April 15, 2020, to the future,

    c. Physical disfigurement, from April 15, 2020, to the future,

    d. Physical impairment, from April 15, 2020, to the future,

    e. Diminished capacity to enjoy life and society, from April 15, 2020, to the future,

    f. Lost wages and loss of earning capacity from April 15, 2020, which will in all likelihood persist for the rest of her life; and

    g. Reasonable and necessary medical expenses, from April 15, 2020, to the future.

## REQUIRED DISCLOSURE

26. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served.

**EXHIBIT A**

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209
9816 Katy Freeway
Houston, Texas 77055
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
E-service only: service@ramjilaw.com
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**